145 N.J. Super. 463 (1976)
368 A.2d 379
METRIC INVESTMENT, INC., PLAINTIFF-RESPONDENT,
v.
HORACE L. KERNER, DEFENDANT, AND MARY C. KERNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1976.
Decided October 20, 1976.
*464 Before Judges CARTON, KOLE and LARNER.
Mr. Robert C. Gruhin argued the cause for appellant.
Mr. John C. Abbamonte argued the cause for respondent (Messrs. Miller and Platt, attorneys).
PER CURIAM.
On June 11, 1974 plaintiff recovered a default judgment on a promissory note against defendants in the sum of $9,308.32 plus taxed costs. When execution issued defendant Mary C. Kerner moved to vacate or reduce the judgment on the ground that the amount thereof involving *465 interest and other charges was not properly due and was the result of mistake. The trial judge denied the motion.
The first point urged by appellant is that plaintiff, as holder of the note, is limited to the amount which it paid to the Trust Company of New Jersey when it repurchased the note subsequent to defendants' default. This contention is clearly without merit. The amount paid by Metric has no relevancy to the obligation of the makers of the note to pay the unpaid balance in accordance with the terms of the instrument.
The other issues are concerned with the computation of interest and penalties and the inclusion of a counsel fee of 20% as provided in the note.
Included in the judgment is unaccrued interest computed in futuro until the maturity of the note. This is clearly erroneous. Upon a default accompanied by acceleration of the payment of principal, the holder of the note is only entitled to the interest computed to the time of judgment and not thereafter. Since the judgment itself bears interest after entry, the inclusion of future interest accruals within the judgment results in a double interest recovery. Judgment must be modified accordingly.
In addition, the judgment as entered incorporates an item of $100 for late charges. The affidavit of proof fails to establish a valid factual basis for such charges. They therefore should not have been included in the judgment.
The note contains a provision to the effect that if the note is turned over to an attorney for collection because of default, the maker agrees to pay an attorney's fee of 20% of the amount due. Such a contractual provision is not against public policy and is valid and enforceable. See Alcoa Edgewater No. 1 Federal Credit Union v. Carroll, 44 N.J. 442 (1965). And in the absence of any evidence to the contrary in the record, the figure of 20% is reasonable for the attorney's services in effectuating collection in this case.
*466 Based on the foregoing, we shall exercise original jurisdiction under R. 2:10-5 in order to achieve a final determination of the controversy between the parties.
We shall undertake the computation of the figures, rounding out the amounts to dollars. The principal amount of the loan was $6,760, and interest on that sum from December 22, 1971 (date of execution of note) to June 11, 1974 (date of judgment) at the rate of 8% a year amounts to $1,337, making a total of $8,097. Defendant is entitled to credit of $2,398 for payments on account prior to default. The net balance, therefore, is $5,699. When the 20% attorney's fee of $1,140 is added, plaintiff is entitled to a total judgment of $6,839.
We therefore direct that the judgment as entered be vacated and that a modified judgment be entered in favor of plaintiff and against defendant in the sum of $6,839, plus costs, nunc pro tunc as of June 11, 1974. No costs on this appeal to either party.