628 A.2d 365

NEW JERSEY HIGHER EDUCATION ASSISTANCE AUTHORITY, PLAINTIFF–APPELLANT, v. HOWARD J. MARTIN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 2, 1993—Decided June 29, 1993.

*Robert J. Del Tufo*, Attorney General, attorney for appellant (*Joseph L. Yannotti*, Assistant Attorney General, of counsel; *Geraldine Callahan*, Deputy Attorney General, on the brief).

Respondent's brief was suppressed.

Before Judges MICHELS and BAIME.

The opinion of the court was delivered by

BAIME, J.A.D.

The New Jersey Higher Education Assistance Authority (HEAA) appeals from an order of the Law Division, denying its motion for the award of interest and counsel fees as a part of a

judgment against Howard J. Martin based upon his default in payment of a guaranteed student loan. Martin borrowed $22,500 under the federal Guaranteed Student Loan Program to finance his education at the Fairleigh Dickinson University School of Dentistry. Over a five year period, Martin signed a series of promissory notes in which he agreed to repay the principal amount plus nine percent interest per annum. The notes also contained provisions in which Martin agreed to pay legal fees and collection costs in the event of a default on the loan. As we will describe later in our opinion, the HEAA serves as a guarantor of student loans under the federal program and is statutorily obliged to purchase loans in default from the issuing bank. 20 *U.S.C.* § 1078(b); 34 *C.F.R.* § 682.102(c)(4); *N.J.S.A.* 18A:72–7. When Martin defaulted on the loan, the HEAA purchased the notes from the lender, Statewide Savings and Loan Association, for $24,-268.59, which included principal and interest as of the date of the purchase. Although the federal government is ultimately required to insure the loan, the HEAA, as the guaranteeing agency, bears the responsibility of collecting the debt from the defaulting student. 20 *U.S.C.* § 1078(c)(2). The HEAA thus instituted suit against Martin for the unpaid balance, interest accrued to date and attorneys' fees.

Martin failed to file an answer and a default judgment was entered against him. However, the Law Division denied the HEAA's request to include the full amount of interest as part of the judgment. While the court permitted recovery of interest until the date the HEAA purchased the notes, it specifically refused to award interest that had accumulated after purchase of the loan and concluded that Martin was liable only for the amount paid by the HEAA. Although the court's oral opinion is not altogether clear, it apparently reasoned that this result was mandated because the federal program was designed for the benefit of the student borrower and the HEAA could seek indemnification from the federal government. The court also denied the HEAA's request for counsel fees in the amount of $6,067.14. The court found that the amount requested was unreasonable and allowed

only $1,000 in attorneys' fees. The HEAA appeals and we reverse. We hold that the HEAA is entitled to the full amount of interest accruing on the unpaid balance. We also conclude that counsel fees requested by the HEAA are entirely reasonable and that the Law Division erred by reducing them.

The federal program provides assistance in the form of loans for qualified students seeking post-secondary education. 20 *U.S.C.* § 1071(a). The articulated objectives of the statutory scheme are to provide a federal program of student loan insurance, encourage states and nonprofit private institutions to aid in this endeavor, and pay a part of the interest due. 20 *U.S.C.* § 1071(a)(1)(A), (B), (C). Under the program, private banks and other institutions lend monies to qualified students who are not required to pay interest until completion of their education. In the interim period, the federal government pays interest on the loan. 20 *U.S.C.* § 1078(a); 34 *C.F.R.* § 682.300. The federal government also subsidizes the loans which must be guaranteed by state guaranty agencies such as HEAA. The guaranty agency then obtains reinsurance from the federal government. In addition, the guaranty agency is responsible for administering the program on a statewide basis. 20 *U.S.C.* § 1078(b); 34 *C.F.R.* § 682.400. In New Jersey, the HEAA serves as the state guaranty entity and administers the student loan program. *N.J.S.A.* 18A:72–3; *N.J.S.A.* 18A:72–10.

Pursuant to 20 *U.S.C.* § 1077(a)(2)(B) and (C), a loan is insurable only if an eligible student signs a note or written agreement that provides for the repayment of principal and interest. Interest rates are to be set by the United States Secretary of Education. 20 *U.S.C.* § 1077a(a)(2). The note or agreement should provide that the borrower is obligated to repay principal, interest accruing on the unpaid balance and collection costs in the event of a default. 34 *C.F.R.* § 682.102(c). Collection costs include counsel fees. 34 *C.F.R.* § 682.202(f)(1)(i).

█ It is against this statutory and regulatory backdrop that we consider the Law Division's denial of accrued interest as part of

the judgment against the defaulting borrower. In essence, the Law Division found that Martin was liable only for the amount paid by the HEAA upon purchase of the notes from the lending bank. We find no support for this conclusion in any of the pertinent statutes or regulations. The intent of the federal program is for students to repay principal and interest. By relieving Martin of this obligation, the Law Division placed him in a better position than a student who has faithfully abided by the terms of the note and has repaid principal and interest. Had Martin satisfied his contractual obligation, he would have repaid the full $5,391.34 in interest. Under the Law Division's holding, Martin could ignore his responsibility without fear of legal action. The court's decision provides an incentive for a student to default on his loan and, if permitted to stand, would detrimentally affect the viability of the federal program.[1] We are thoroughly convinced that the amount paid by the HEAA had no relevancy to Martin's obligation to pay the unpaid balance in accordance with the terms of the notes. *See Metric Investment, Inc. v. Kerner,* 145 *N.J.Super.* 463, 465, 368 *A.2d* 379 (App.Div.1976). The Law Division clearly erred by refusing to include the $5,391.34 in interest as part of the judgment.

We also disagree with the Law Division's denial of the full amount of attorneys' fees requested. A contractual provision in a note requiring payment of counsel fees in the event of default "is not against public policy and is valid and enforceable." *Ibid.* Under the HEAA's agreement with counsel, the attorney is to receive 30% of the amount he recovers on defaulted loans. Counsel must first obtain a judgment in favor of the HEAA. Then, he must undertake collection efforts in order to receive payment. Counsel's payment is dependent upon recovery and the HEAA is not billed on an hourly basis. It is thus inappropriate to view the reasonableness of the fee only up until the date of the judgment

---

[1] The HEAA program would also suffer because "repayment of approved loans" is one source of funding. *See N.J.S.A.* 18A:72–8(f).

without any consideration of future collection problems. Under these circumstances, we find nothing unreasonable in the amount of attorneys' fees the HEAA requested.

Accordingly, the judgment is reversed. The matter is remanded to the Law Division for entry of a judgment which includes the full amount of accrued interest and attorneys' fees.