784 A.2d 758 (2001)
345 N.J. Super. 248
GRUBER & COLABELLA, P.A., Plaintiff,
v.
John D. ERICKSON, Defendant.
Superior Court of New Jersey, Law Division, Special Civil Part, Sussex County.
Decided August 14, 2001.
*759 Chris Colabella, for plaintiff, (Gruber & Colabella, P.A., attorneys), pro se.
No appearance for defendant.
GRAVES, J.S.C.
At issue is whether a law firm appearing pro se is entitled to receive "collection costs and attorneys fees" when it successfully sues a former client to recover fees for services rendered. There is no reported New Jersey decision that addresses this specific issue.
On December 9, 1998, Mark Gruber, Esq. and John D. Erickson executed a matrimonial retainer agreement requiring Mr. Erickson to pay $275 per hour for the services of Mark Gruber and a lesser hourly fee for services rendered by other members of the law firm or its staff. Plaintiff filed suit to recover legal fees for services rendered to the defendant based upon the defendant's promise to pay for same. According to plaintiff's complaint, legal services were rendered in the total amount of $3,171.90. The plaintiff also seeks collection costs and attorney's fees in the amount of $951.57 pursuant to paragraph 8 of the matrimonial retainer agreement, which contains the following language:
Collection costs and attorneys fees in the amount of 1/3 the balance due will be charged if collection of fees is necessary. Failure to pay legal fees as agreed will be considered consent for Gruber & Colabella, P.A. to withdraw as my attorneys.
The sum of $951.57 represents 30% of the value of the legal services rendered on behalf of the defendant. Thus, the claim by Gruber and Colabella, P.A. encompasses the following amounts:

 1. $3,171.90 For legal services rendered to the defendant
 2. 951.57 For collection costs and attorney's fees
 _________
 $4,123.47 Total

The "Complaint to Recover Compensation for Attorney's Fees" was served on Mr. Erickson but he failed to respond. Gruber & Colabella, P.A. now seeks entry of judgment more than six months after default pursuant to Rule 6:6-3(d). Plaintiff's application is unopposed. In the "Certification of Proof of Amount Due" submitted in support of plaintiff's motion and in correspondence dated August 7, 2001, plaintiff requests entry of judgment in the amount of $4,123.47.
Plaintiff's complaint alleges compliance with the pre-action notice requirement of Rule 1:20A-6. In addition, plaintiff has satisfied the requirements of N.J.S.A. 2A:13-6 by sending Mr. Erickson a copy of his statement of fees, charges and disbursements by certified mail, return receipt requested, prior to the filing of the complaint.
Our Court has noted "that sound judicial administration is best advanced if litigants bear their own counsel fees." Department of Environmental Protection v. Ventron Corp., 94 N.J. 473, 504, 468 A.2d 150 (1983). Rule 4:42-9(a) states the general rule that "no fee for legal services shall be allowed in the taxed costs or otherwise...." Nevertheless, a successful party may recover attorney's fees if *760 they are expressly provided for by statute, court rule or contract. 94 N.J. 473, 504, 468 A.2d 150. Rule 4:42-9(a) lists eight specific exceptions in which attorney's fees may be awarded. In addition, the rule does not preclude such an allowance "where the parties have agreed thereto in advance by stipulation ... or other agreement or contract...." Pressler, Current N.J. Court Rules, Comment 4:42-9[2.11] (2001).
New Jersey courts have upheld agreements to pay counsel fees in the event of a default. "However, any fee arrangement is subject to judicial review as to its reasonableness." Belfer v. Merling, 322 N.J.Super. 124, 141, 730 A.2d 434 (App.Div.1999).
Attorneys have never had the right to enforce contractual provisions for more than a fair and reasonable fee. They are not businessmen entitled to charge what the traffic will bear. `Membership in the bar is a privilege burdened with conditions.' Matter of Rouss, 221 N.Y. 81, 84, 116 N.E. 782, 783 (Ct.App.1917).
[American Trial Lawyers Association v. New Jersey Supreme Court, 126 N.J.Super. 577, 591, 316 A.2d 19 (App. Div.), aff'd, 66 N.J. 258, 330 A.2d 350 (1974).]
"[W]here the agreement to pay counsel fees states a specific or easily ascertainable sum, the court is not bound thereby, but must make its own determination, upon appropriate proofs, of the amount to be allowed." Pressler, Current N.J. Court Rules, Comment 4:42-9[2.11] (2001).
The New Jersey Supreme Court has mandated that "a lawyer's fee shall be reasonable." RPC 1.5(a).
As between attorney and client, their agreement ordinarily controls unless it is overreaching or is violative of basic principles of fair dealing.... [A]lthough the court has the power and authority to review the fairness of the agreement and the reasonableness of the fee charged, it should ordinarily defer to the parties' agreement and the fee charged thereunder if it appears ... that they meet a prima facie test of fairness and reasonableness....
[Gruhin & Gruhin, P.A. v. Brown, 338 N.J.Super. 276, 281, 768 A.2d 822 (App.Div.2001).]
"It is well-settled that all transactions of an attorney with his client are subject to close scrutiny and the burden of establishing the fairness and equity of the transaction rests upon the attorney." In re Nichols, 95 N.J. 126, 131, 469 A.2d 494 (1984).
In this case, the collection fee portion of the retainer agreement is particularly unfair to the former client because it requires him to pay a fixed percentage of the balance due regardless of the actual collection costs incurred by plaintiff. Moreover, the retainer agreement lacks mutuality since it fails to allow for reasonable fees to the prevailing or successful party. As noted in Lustig v. Horn, 315 Ill.App.3d 319, 247 Ill.Dec. 558, 732 N.E.2d 613, 620, appeal denied, 192 Ill.2d 692, 252 Ill.Dec. 79, 742 N.E.2d 329 (2000), such a one-sided provision may "be used to silence a client's complaint about fees, resulting from the client's fear of his attorney's retaliation for nonpayment of even unreasonable fees."
In Metric Investment, Inc. v. Kerner, 145 N.J.Super. 463, 368 A.2d 379 (App.Div. 1976), a provision in a note requiring a defaulting borrower to pay an attorney's fee of 20% of the amount due was deemed valid and enforceable. Similarly, in New Jersey Higher Educ. Assistance Authority v. Martin, 265 N.J.Super. 564, 628 A.2d 365 (App.Div.1993), Judge Baime concluded that a counsel fee amounting to 30% of the debt from the defaulting student was not unreasonable. However, the present *761 case is distinguishable because, unlike the prevailing plaintiffs in those cases, Gruber & Colabella, P.A. has not incurred any financial obligation to pay for legal representation.
An award of attorney's fees to a successful litigant is meant to make a party whole. Such an award is unwarranted and inappropriate in a case such as this where the plaintiff did not retain an attorney and has not incurred any financial obligation to pay for legal services. In this case, the enforcement of the collection provision in the retainer agreement would constitute an unfair penalty to the former client, as well as an unearned and unreasonable windfall to the plaintiff. To hold otherwise "would in effect create two separate classes of pro se litigantsthose who are attorneys and those who are notand grant different rights and remedies to each." Trope v. Katz, 11 Cal. 4th 274, 277, 45 Cal.Rptr.2d 241, 902 P.2d 259 (1995); see also Lisa v. Strom, 183 Ariz. 415, 904 P.2d 1239, 1243 (Ariz.Ct.App.1995). Such a result would undermine the public confidence in the judicial system. "One of the most important obligations of government, and in particular of the judiciary, is to legitimately preserve public confidence." In re Commitment of Edward S., 118 N.J. 118, 148, 570 A.2d 917 (1990).
The system would be one-sided and viewed by the public as unfair, if one party (a lawyer litigant) could qualify for a fee award without incurring the potential out-of-pocket obligation that the opposing party (a nonlawyer) ordinarily must bear in order to qualify for a similar award.
[Trope, 11 Cal. 4th 274, 286, 45 Cal. Rptr.2d 241, 902 P.2d 259.]
Thus, when a law firm appearing pro se prevails in an action to collect legal fees from a former client, it is not entitled to recover additional attorney's fees for its collection efforts.
In sum, paragraph 8 of the matrimonial retainer agreement is void and unenforceable because it fails the test of fairness and reasonableness. Therefore, plaintiff's request for collection costs and attorney's fees in the amount of $951.57 is denied. Judgment is entered in favor of Gruber & Colabella, P.A. in the amount of $3,171.90 for legal services rendered to the defendant.