**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1047

_____

W. JAMES MAC NAUGHTON,
                                        Appellant
v.

SHAI HARMELECH; CABLE AMERICA, INC., d/b/a Satellite America
and USA Satellite & Cable, Inc.; USA SATELLITE & CABLE, INC.

_____

Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-09-cv-05450)
District Judge: Honorable Kevin McNulty

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2020

_____

Before: McKEE, AMBRO, and PHIPPS, *Circuit Judges*.

(Opinion filed: June 23, 2020)

_____

OPINION*

_____

McKee, *Circuit Judge*

Attorney W. James Mac Naughton appeals the denial of his motion for *pro se*

attorney's fees. Mac Naughton argues that the New Jersey Supreme Court's decision in

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

*Segal v. Lynch,* 48 A.3d 328 (N.J. 2012), does not prevent him from recovering such fees and non-taxable litigation costs because it does not apply retroactively. The District Court denied Mac Naughton's motion in a well-reasoned Memorandum Opinion[1] that adopted and supplemented the Magistrate Judge's thorough Report and Recommendation.[2] After a plenary review,[3] we agree with the District Court's assessment. Thus, for the reasons set forth in the Memorandum Opinion, as well as our independent assessment of Mac Naughton's retroactivity argument, we will affirm.[4]

The *Segal* Court held that *pro se* attorney-litigants cannot recover attorneys' fees under a fee-shifting statute.[5] However, the New Jersey Supreme Court did not specifically decide whether *Segal* applies retroactively or whether *pro se* attorney-litigants are barred from collecting contractually-based non-taxable costs. Mac Naughton raises these two points in his arguments on appeal. He argues that *Segal* does not retroactively apply to his 2009 contract for *pro se* attorney's fees, or at least does not apply to the time he spent acting *pro se* before *Segal*.[6] He also argues that *Segal* does not apply to his contractually-

---

[1] A-3-7.

[2] A-8-18.

[3] *Raab v. City of Ocean City*, 833 F.3d 286, 292 (3d Cir. 2016) ("We review a district court's denial of attorney's fees for abuse of discretion. . . . However, if the fee application was denied based on the district court's conclusions on questions of law, our review is plenary." (citation omitted)).

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

[5] *Segal v. Lynch*, 48 A.3d 328, 346–48 (N.J. 2012).

[6] *Id.* at 9. As Mac Naughton does not argue that *Segal* does not apply to contractually-based attorney's fees, we will not address that issue. *See* Appellant Br., 9.

based litigation costs. Resolving these questions requires us to predict how the New Jersey Supreme Court would handle these issues.[7]

New Jersey follows the traditional rule of "a presumption in favor of retrospectivity."[8] To determine whether a "new rule of law" should be applied retroactively or prospectively, New Jersey courts consider the following policy factors: "(1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice."[9] Applying these factors, we conclude *Segal* should be applied retroactively.

First, *Segal* did not create a new rule of law, rather the *Segal* court reconciled a split: "The conflicting decisions found in our trial and appellate courts express a variety of policy considerations in support of or in opposition to permitting attorneys to be awarded counsel fees for representing themselves."[10] Second, the goals of *Segal* are served by retroactive application. All *pro se* litigants will be treated equally and thereby maintain public confidence in the judicial system.[11] Third, retroactive application of *Segal* does not cause *substantial* inequitable results. As there was a split of authority on this issue, *pro se*

---

[7] *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 220–21 (3d Cir. 2008).
[8] *Twp. of Stafford v. Stafford Twp. Zoning Bd. of Adjustment*, 711 A.2d 282, 287 (N.J. 1998). *See also In re Contest of Nov. 8, 2011 Gen. Election of Office of New Jersey Gen. Assembly*, 40 A.3d 684, 707 (N.J. 2012).
[9] *Twp. of Stafford*, 711 A.2d at 287–88 (quoting *State v. Knight*, 678 A.2d 642, 651–52 (N.J. 1996)).
[10] *Segal*, 48 A.3d at 346–48 (citing appellate and trial level decisions between 1994 and 2011 that fluctuated between permitting or barring pro se attorney's fees).
[11] *Id.* at 347-48.

attorney-litigants cannot reasonably argue their detrimental reliance on now overturned precedent. Moreover, as to Mac Naughton specifically, given that he argued for the application of Illinois law before the District Court, he cannot now argue that he detrimentally relied on pre-*Segal* case law when drafting the promissory agreement and litigating its enforcement.[12]

Finally, as to Mac Naughton's claim that *Segal* does not apply to his non-taxable litigation costs, we also find his argument does not have merit. Similarly situated *pro se* litigants who are not attorneys would not be able to recover those fees or costs. Thus, *Segal*'s emphasis on not creating two classes of *pro se* litigants with different remedies bars Mac Naughton's recovery.[13]

For the foregoing reasons, we will affirm the District Court's opinion and the *pro se* application for attorney's fees and non-taxable costs is denied.

---

[12] *See* Appellant Br., 10, 14; *see also* A-12.

[13] *Segal*, 48 A.3d at 347 (quoting *Gruber & Colabella, P.A. v. Erickson*, 784 A.2d 758, 761 (N.J. Super. Law. Div. 2001)) ("Most significantly, one court emphasized that 'to hold otherwise would in effect create two separate classes of pro se litigants—those who are attorneys and those who are not—and grant different rights and remedies to each.'" (internal quotation marks omitted)).