**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0800-24

THE LAW OFFICE OF RAJEH A.
SAADEH, LLC,

     Plaintiff-Appellant,

v.

DESMIN DELEON,

     Defendant-Respondent.

_____

Submitted September 10, 2025 – Decided September 16, 2025

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-005320-24.

The Law Office of Rajeh A. Saadeh, LLC, attorneys for appellant (Cynthia L. Dubell, on the brief).

Respondent has not filed a brief.

PER CURIAM

     Plaintiff The Law Office of Rajeh A. Saadeh, LLC appeals from a November 4, 2024 order partially granting its application for attorney's fees

incurred in connection with the entry of default judgment against defendant Desmin Deleon.  We affirm.

In its default judgment application, plaintiff requested $3,009 in attorney's fees.  Plaintiff asserted defendant was contractually obligated to pay that amount for legal services and costs expended under a signed retainer agreement between the parties.

The judge issued a written statement of reasons in support of her reduced fee award of $1,363.  The judge found plaintiff's hourly rate reasonable.  However, the judge reduced the number of hours billed, finding the time billed for certain tasks unreasonable.

The judge considered the factors under Rule of Professional Conduct (RPC) 1.5 in assessing the reasonableness of the hours expended by plaintiff in obtaining default judgment against defendant.  Plaintiff certified its staff spent 8.1 hours on various tasks associated with the request for the entry of default judgment.  In reviewing plaintiff's certification of legal services, the judge found the number of hours spent drafting the complaint unreasonable, and reduced the time from 2.8 hours to 1 hour.  Additionally, the judge reduced the time associated with drafting certain pleadings and other documents and providing instruction to office staff from 3.3 hours to 1.5 hours, finding the time associated

2

with those tasks unreasonable. Further, the judge concluded plaintiff's five percent flat fee charge for expenses was unreasonable under <u>Gruber & Colabella, P.A. v. Erickson</u>, 345 N.J. Super. 248, 252 (Law Div. 2001) (rejecting payment of "a fixed percentage of the balance due [to the law firm] regardless of the actual collection costs incurred by [the law firm]"). After determining the reasonable number of hours spent for each task in obtaining default judgment, multiplied by the reasonable hourly rate, the judge awarded $1,363.00 in attorney's fees to plaintiff.

Our review of a trial court's decision to award attorney's fees is deferential. <u>Garmeaux v. DNV Concepts, Inc.</u>, 448 N.J. Super. 148, 155 (App. Div. 2016). We will disturb an award of attorney fees "'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" <u>Litton Indus., Inc. v. IMO Indus., Inc.</u>, 200 N.J. 372, 386 (2009) (quoting <u>Packard-Bamberger & Co. v. Collier</u>, 167 N.J. 427, 444 (2001)). We will not modify an award of attorney's fees absent a mistaken exercise of discretion by the trial court. <u>Berkowitz v. Berkowitz</u>, 55 N.J. 564, 570 (1970). Where the judge correctly applied the law and rendered appropriate fact findings, a fee award is entitled to substantial deference. <u>Yueh v. Yueh</u>, 329 N.J. Super. 447, 466, (App. Div.

A-0800-24

2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2025).

Having reviewed the record, we are satisfied the judge's written statement of reasons amply supported the awarded attorney's fees. See Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 304 (App. Div. 2021). The judge critically reviewed and properly analyzed plaintiff's certification of legal services. She thoroughly evaluated the level of difficulty in the matter, the skill required to prosecute the case, and the result obtained at the conclusion of the collection action. The sum awarded reflected the judge's determination of the reasonable number of hours that should have been spent on each task by the reasonable hourly rate for the work performed. The judge made appropriate reductions for expended time she deemed unreasonable for the reasons she meticulously explained.

Under the circumstances, we discern no abuse of discretion in the judge's award of attorney's fees to plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0800-24