842 A.2d 313

MICHAEL P. HRYCAK, ESQ., PLAINTIFF–APPELLANT, v.
THOMAS P. KIERNAN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 9, 2004—Decided March 5, 2004.

Before Judges PETRELLA, COLLESTER and FUENTES.

*Michael P. Hrycak,* appellant pro se.

*Thomas P. Kiernan,* respondent pro se.

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Plaintiff Michael P. Hrycak appeals from a denial of counsel fees incurred in enforcing a fee arbitration determination. Between 1999 and 2001, Hrycak, an attorney, represented defendant

Thomas P. Kiernan in a matter before the Chancery Division and this court, captioned *Kiernan v. Kiernan,* Docket No. A-1753-99T3.[1] The retainer between the parties provided:

> Should attorney bring suit against client for fees due under this agreement, and after the requisite pre-action notice required by Rules Governing the Courts of New Jersey, client shall be responsible for all fees and attorney['s] fees with a minimum of $450.00 attorney's fees for the filing of same.

In 2001, presumably at the conclusion of the matter, Hrycak submitted a bill for $8,922.52 for services rendered. Kiernan paid $5,000 but refused to pay the balance, claiming that Hrycak orally promised the fee would not exceed the amount paid. After filing the appropriate notices, the dispute was brought before a fee arbitration committee (*see R.* 1:20A-1 *et seq.*) which determined the total reasonable charge was $7,231.57. This left Kiernan still owing $2,231.57. Kiernan did not appeal the arbitration award but still did not pay.[2]

After the thirty-day time under *R.* 1:20A-3(e) had passed, Hrycak filed a complaint in the Law Division for $2,747.04, which included the arbitration award, costs, prejudgment interest and a demand for $450 as the minimum attorney's fee under the retainer agreement. In support of the counsel fee, Hrycak detailed in his complaint the work performed in filing suit. The Law Division Judge entered judgment on December 23, 2002 for Hrycak in the amount of $2,297.04, which denied the $450 attorney's fee. Without citing a case, the judge vaguely stated as a reason for the denial of the retainer authorized collection amount that

---

[1] Kiernan is no stranger to appellate process. *See, e.g., Kiernan v. Kiernan,* 355 *N.J.Super.* 89, 809 *A.*2d 199 (App.Div.2002) (filed under docket number A 919-01 and referencing an earlier appeal in A-5976-00).

[2] *R.* 1:20A-3 sets forth the effect of a fee arbitration award as being non-appealable, except in limited circumstances not applicable here, and the award is enforceable in a summary action to obtain a judgment. The court has no "jurisdiction to review a fee arbitration committee determination." *R.* 1:20A-3(e).

"there is a case that recently came out indicating that a lawyer can't get attorney's fees when they sue for their own fees. I don't know exactly why that is. . . ." In Hrycak's subsequent motion to amend the December 23, 2002 judgment, the attorney's fee was again denied. Shortly thereafter, Kiernan paid the judgment amount in full.

On appeal, Hrycak argues that the judge erred in denying the attorney's fee provided by the retainer agreement for initiating suit and collection when Kiernan disregarded the district fee arbitration determination.

■ Agreements between attorneys and clients generally are enforceable as long as they are fair and reasonable. *Cohen v. Radio–Elecs. Officers Union,* 146 *N.J.* 140, 155, 679 *A.*2d 1188 (1996); *Gruhin & Gruhin, P.A. v. Brown,* 338 *N.J.Super.* 276, 280, 768 *A.*2d 822 (App.Div.2001). In addition, the court rules do not disallow counsel fees where they are provided for in the parties' agreement. Pressler, *Current N.J. Court Rules,* Comment *R.* 4:42–9 [2.11] (Gann).

■ In accordance with these authorities, we are not presented with any reasons why Hrycak should be denied fees incurred in collecting an arbitration award. Subject to review of reasonableness by the court, the collection fee with a minimum of $450 was based upon the express terms of the retainer agreement.

This is not a case where the retainer penalizes the client for a fixed percentage of the fees owed if the attorney is forced to file suit to collect. *See Gruber & Colabella, P.A. v. Erickson,* 345 *N.J.Super.* 248, 784 *A.*2d 758 (Law Div.2001) (holding unenforceable a provision in the retainer which added one-third of the outstanding legal fees to the client's bill if the attorney is forced to collect). Under those agreements, there is the potential for an attorney to receive an unreasonable fee if little work was necessary to enforce the additional fee claim.

Here, rather, Hrycak is seeking fees for the actual time expended in his collection efforts. The retainer agreement provides for the recovery of such fees with a minimum of $450 (about two and a half hours at Hrycak's rate). An arbitration committee has already determined the reasonable value of Hrycak's services and that he was owed money. After arbitration, when Kiernan still refused to honor his obligation, Hrycak was forced take the matter to the Law Division to perfect his rights. For Hrycak's reasonable time and effort in seeking his fee, especially where the balance awarded was unjustifiably withheld, we see no reason why he should be denied compensation for additional work required in enforcing the award as covered by the retainer agreement.

We are satisfied that Hrycak is entitled to reasonable additional compensation under the retainer for collection and that the original extra amount of $450 is reasonable for the work required and should have been approved. Thus, there is no need to remand for a determination of reasonableness. The additional attorney's fee sought under the collection portion of the retainer agreement were part of the agreement between the parties and enforceable. Accordingly, we reverse the denial of the $450 minimum fee and remand with direction to amend the judgment to include that amount. We do not address the additional amount, subsequently sought by the plaintiff in a cross-motion to amend the December 23, 2002 judgment.

Reversed and remanded for modification of the judgment.