**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0271-22

THE LAW OFFICE OF
RAJEH A. SAADEH, LLC,

     Plaintiff-Appellant,

v.

ZBIGNIEW LANKAMER,

     Defendant-Respondent.

_____

Argued October 11, 2023 – Decided December 11, 2023

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0749-22.

Lindsay A. McKillop argued the cause for appellant (The Law Office of Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh and Lindsay A. McKillop, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff The Law Office of Rajeh A. Saadeh, LLC (Saadeh, LLC) appeals from the August 24, 2022 judgment of the Law Division to the extent it awarded Saadeh, LLC $125 in costs of collection and attorney's fees incurred collecting unpaid fees for legal services. We reverse the portion of the judgment under appeal and remand for further proceedings.

## I.

The material facts are not in dispute. In February 2018, defendant Zbigniew Lankamer signed a retainer agreement hiring Saadeh, LLC in connection with an appeal of a judgment of divorce entered after a trial at which Lankamer represented himself. The fees to be charged Lankamer for Saadeh, LLC's services are explained in the agreement. The agreement also details the steps Saadeh, LLC may take to collect unpaid fees and provides: "Should it be necessary to utilize the legal process to collect any amount outstanding, I will be entitled to recover the costs of collection including a reasonable allowance for professional time expended by attorneys in my firm and reasonable expenses."[1]

---

[1] "I" in this provision apparently refers to Rajeh A. Saadeh, who we surmise is a principal of Saadeh, LLC. Our review of the record reveals that the parties have operated with the understanding that the agreement permits Saadeh, LLC to recover the costs of collection and attorney's fees incurred for unpaid fees.

A-0271-22

Although Saadeh, LLC filed a notice of appeal of the judgment of divorce and related documents, after a review of the trial record, it advised Lankamer that the appeal was not likely to be successful. Lankamer accepted the advice and authorized withdrawal of the appeal. He did not, however, pay the entire amount the firm billed for its services.

In February 2019, Saadeh, LLC sent Lankamer a fee arbitration pre-action notice stating that he had outstanding invoices for legal services in the amount of $462.25. The notice informed Lankamer that he had the right to pursue fee arbitration. Lankamer subsequently entered into fee arbitration.

In October 2019, the district fee arbitration committee issued an arbitration determination requiring Lankamer to pay Saadeh, LLC $462.25 within thirty days. Lankamer did not appeal the arbitration determination nor pay the outstanding fee.

In July 2022, Saadeh, LLC filed a verified complaint and order to show cause in the Law Division seeking: (1) reduction of the arbitration award to judgment against Lankamer; and (2) a judgment against Lankamer for "the costs of collection including a reasonable allowance for professional time expended by attorneys in" Saadeh, LLC "and reasonable expenses . . . ."

On the return date of the order to show cause, the trial court issued an oral opinion. The court granted Saadeh, LLC's request to reduce the arbitration determination to a judgment against Lankamer for $462.25. With respect to Saadeh, LLC's request for costs of collection and attorney's fees, the court's decision in its entirety was: "[a]nd pursuant to the retainer agreement, the [c]ourt will enter fees and costs in the amount of $125." An August 24, 2022 judgment memorializes the court's decision.

This appeal follows. Saadeh, LLC argues that the trial court arbitrarily awarded $125 in collection costs and attorney's fees without giving the firm the opportunity to submit a certification of services and costs and without issuing findings of facts and conclusions of law supporting its decision.

## II.

We are guided in our analysis of Saadeh, LLC's arguments by our holding in <u>Hrycak v. Kiernan</u>, 367 N.J. Super. 237 (App. Div. 2004). In that matter, Hrycak, an attorney, represented Kiernan in an action before the Chancery Division. <u>Id.</u> at 238-39. The parties' retainer agreement provided that should Hrycak

> bring suit against [Kiernan] for fees due under this agreement, and after the requisite pre-action notice required by Rules Governing the Courts of New Jersey, [Kiernan] shall be responsible for all fees and

attorney['s] fees with a minimum of $450.00 attorney's fees for the filing of same.

[Id. at 239 (third alteration in original).]

After Hrycak sent Kiernan a bill for services rendered, Kiernan paid only a portion of the amount due, claiming Hrycak guaranteed there would be a cap on the cost of his services. Ibid. The dispute was brought before a fee arbitration committee, which determined what fee would be reasonable for Hrycak's service. Ibid. The arbitration determination resulted in an outstanding unpaid balance of $2,231.57 owed by Kiernan. Ibid. Kiernan did not appeal the arbitration determination, but also did not pay the amount due within thirty days. Ibid.

Hrycak thereafter filed a complaint in the Law Division seeking to reduce the arbitration determination to a judgment against Kiernan, and for the award of $450 in attorney's fees in accord with the parties' retainer agreement. Ibid. The application was accompanied by a detailed account of the work Hrycak performed in filing the complaint. Ibid. The trial court entered judgment in the amount of the arbitration determination but denied the request for attorney's fees. Id. at 239.

We reversed. We noted that agreements between attorneys and their clients generally are enforceable as long as they are fair and reasonable. Id. at

5

240. In addition, we observed that the court rules do not prohibit the award of attorney's fees that are provided for in the parties' retainer agreement. Ibid. We held:

> [i]n accordance with these authorities, we are not presented with any reasons why Hrycak should be denied fees incurred in collecting an arbitration award. Subject to review of reasonableness by the court, the collection fee with a minimum of $450 was based upon the express terms of the retainer agreement.
>
> [Ibid.]

We noted that "the retainer [does not] penalize[] the client for a fixed percentage of the fees owed if the attorney is forced to file suit to collect." Ibid. (citing Gruber & Colabella, P.A. v. Erickson, 345 N.J. Super. 248 (Law Div. 2001) (holding unenforceable a provision in a retainer agreement which added one-third of the outstanding legal fees to the client's bill if the attorney is forced to collect)). "Under those agreements," we noted, "there is the potential for an attorney to receive an unreasonable fee if little work was necessary to enforce the additional fee claim." Ibid. We continued,

> [a]n arbitration committee has already determined the reasonable value of Hrycak's services and that he was owed money. After arbitration, when Kiernan still refused to honor his obligation, Hrycak was forced [to] take the matter to the Law Division to perfect his rights. For Hrycak's reasonable time and effort in seeking his fee, especially where the balance awarded was

6

unjustifiably withheld, we see no reason why he should be denied compensation for additional work required in enforcing the award as covered by the retainer agreement.

[Id. at 241.]

We see no reason to depart from the holding in Hrycak. Lankamer executed a retainer agreement providing that he would be responsible for the costs of collection and a reasonable attorney's fee in the event Saadeh, LLC was forced to take legal action to collect unpaid fees. After Saadeh, LLC filed suit, Lankamer took advantage of fee arbitration, but refused to pay the arbitration determination. He is liable under the retainer agreement for the reasonable costs and attorney's fees incurred by Saadeh, LLC to collect its outstanding fees.

The trial court's award of $125 in collection costs and attorney's fees is not supported by an evidentiary record. The court did not afford Saadeh, LLC an opportunity to submit a certification detailing the collections costs it incurred, including reasonable fees for the hours expended by attorneys who represented the firm in the fee collection action. In addition, the trial court provided no findings of fact or legal conclusions explaining how it determined that Saadeh, LLC was entitled to $125 in costs and fees. See R. 1:7-4 (requiring trial court to "find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right . . . ."); Schwarz v. Schwarz, 328

7

N.J. Super. 275, 282 (App. Div. 2000) ("[A]n articulation of reasons is essential to the fair resolution of a case.").

The August 24, 2022 judgment is reversed to the extent that it awarded Saadeh, LLC $125 in collection costs and attorney's fees. The matter is remanded for the entry of an order awarding reasonable collection costs and attorney's fees incurred by Saadeh, LLC. We leave to the trial court in the first instance to review a certification of services and costs to be submitted by Saadeh, LLC on remand and determine what amounts constitute reasonable compensation to Saadeh, LLC under the fee collection provision of the contract. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0271-22