**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3382-21

THE LAW OFFICE OF
RAJEH A. SAADEH, LLC,

     Plaintiff-Appellant,

v.

REBBECCA GRAU,

     Defendant-Respondent.

_____

          Argued October 2, 2023 – Decided December 15, 2023

          Before Judges DeAlmeida and Bishop-Thompson.

          On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-004134-21.

          Lindsay Alexandra McKillop argued the cause for appellant (The Law Office of Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh and Lindsay Alexandra McKillop, on the brief).

          Rebbecca Grau, respondent, argued the cause pro se.

PER CURIAM

Plaintiff The Law Office of Rajeh A. Saadeh, LLC (Saadeh, LLC) appeals from the June 7, 2022 judgment of the Special Civil Part to the extent it denied Saadeh, LLC's application for the costs of collection and attorney's fees incurred to collect fees for legal services. We reverse the portion of the judgment under appeal and remand for further proceedings.

I.

The material facts are not in dispute. In February 2021, defendant Rebbecca Grau signed a retainer agreement hiring Saadeh, LLC to represent her in a divorce action. The fees to be charged Grau for Saadeh, LLC's services are explained in the agreement. The agreement also details the steps Saadeh, LLC may take to collect unpaid fees and provides: "Should it be necessary to utilize the legal process to collect any amount outstanding, I will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside The Law Office of Rajeh A. Saadeh, L.L.C., and reasonable expenses, including but not limited to court, service and execution costs."[1]

---

[1] "I" in this provision apparently refers to Rajeh A. Saadeh, who we surmise is a principal of Saadeh, LLC. Our review of the record reveals that the parties have operated with the understanding that the agreement permits Saadeh, LLC to recover the costs of collection and attorney's fees incurred for unpaid fees.

A-3382-21

In June 2021, Saadeh, LLC and Grau exchanged communications regarding outstanding fees for the firm's services. At that time, Saadeh, LLC was expecting a payment from the Victims of Crime Compensation Office (VCCO) for a portion, but not all, of Grau's outstanding balance. As of August 2021, the VCCO payment had not been received and the balance remained outstanding. As a result, on August 16, 2021, Saadeh, LLC moved to be relieved as Grau's counsel in the divorce action.

Shortly after the motion was filed, Grau made a number of payments toward her outstanding balance because an employee of the firm told her that if she brought her balance below $3,000, the firm would be open to instituting a payment plan for the remaining fees. In addition, although there was some confusion regarding the firm's address, which had changed due to a relocation, by September 1, 2021, Saadeh, LLC received the VCCO payment. After the VCCO payment was applied to Grau's unpaid balance, $2,903.90 remained outstanding.

The firm twice requested that its motion be adjourned to permit the parties to come to an agreement with respect to the payment of Grau's outstanding balance. During this time, Grau moved to Indiana. She testified that her ability

3

to arrange a payment plan for the outstanding balance was hindered because the Saadeh, LLC attorney who represented her was on vacation.

On September 29, 2021, the trial court in which Grau's divorce action was pending entered an order relieving Saadeh, LLC as her counsel.

By October 2021, Grau owed the firm $2,965.85 because $61.95 in costs were added to her outstanding balance pursuant to a provision of the retainer agreement. On October 5, 2021, Saadeh, LLC sent Grau a fee arbitration pre-action notice stating that she had outstanding invoices for legal services in the amount of $2,965.85. The notice informed Grau that she had the right to pursue fee arbitration within thirty days of receipt. Grau did not seek fee arbitration.[2]

On or about December 13, 2021, Saadeh, LLC filed a complaint in the Special Civil Part seeking a judgment for the outstanding fees, along with interest, costs of suit, costs of collection and attorney's fees.

Grau and the Saadeh, LLC attorney who represented her in the divorce action testified at trial. Grau admitted that she owed the firm $2,903.90, but denied owing the $61.95 added to her final bill or any additional collection costs or attorney's fees the firm might seek. She testified that she had not made

_____

[2] The trial court found Grau's claim that she did not receive the fee arbitration notice at her Indiana address within the thirty-day period to lack credibility.

payments to Saadeh, LLC after the firm was relieved as her counsel because she believed that if she did so she would have been admitting liability to $2,965.85 and additional costs and fees. She also testified that she was at times unclear as to the exact amount she owed because the firm mailed paid invoices, along with outstanding invoices, to her on a monthly basis. The attorney testified with respect to the services she provided to Grau for which the firm was not compensated. In its summation, Saadeh, LLC requested, if it prevailed, an opportunity to submit a certification of collections costs and services for the award of attorney's fees.

On June 7, 2022, the trial court issued an oral opinion. The court found that all of the legal services Saadeh, LLC provided to Grau were actually performed and reasonable. In addition, the court found that Saadeh, LLC had established that the fees it charged Grau were reasonable and that she was responsible to pay those fees pursuant to the retainer agreement. The court, therefore, concluded that Grau owed Saadeh, LLC $2,965.85.

With respect to the firm's demand for costs of collection and attorney's fees, the court found that

> there were issues with respect to billing in the plaintiff's firm and it sounds like one hand didn't know what the other hand was doing, and while she's being told we're going to work with you, she's getting inconsistent

messages from [the] billing department and statements made in the motion to be relieved as counsel. And her attorney is not communicating with her because her attorney is on vacation.

. . . .

So, I believe her uncontroverted statement that she . . . from [her attorney heard] you do your best and we are going to try to work with you. Get your outstanding balance under $3,000. But at the same time that's happening, it's uncontroverted she's getting an e-mail from a secretary, pay us in full or we will be . . . relieved as counsel. She arranges for a sizeable check to be sent to the firm because she's a victim of crime . . . and the firm has moved without telling her, which delays the check and that is rather unprofessional . . . . And she gave uncontroverted testimony of problems with the billing department. . . . [S]he keeps getting paid invoices, invoices where she's paid in full are sent to her again and again, even after this suit has been filed. She has to go through individual invoices to try to figure out what is actually owed, and so her testimony about confusing billing practices and inconsistent statement from different members of the plaintiff firm, are believed by this [c]ourt.

. . . .

In this case, there should not have been a lawsuit. There is a series of poor business practices by the plaintiff that resulted in the necessity of the lawsuit and a misuse of time energy resources.

Noting that a prevailing party is entitled only to reasonable attorney's fees, the court concluded that "although the retainer agreement provides for an attorney's

A-3382-21

fee, [it was] not awarding any attorney's fees. It's the plaintiff firm's own mistakes that caused the need for the litigation."

A June 7, 2022 judgment memorializes the court's decision awarding Saadeh, LLC $2,965.85 in fees under the contract, but denying the firm's request for collections costs and attorney's fees.

This appeal follows. In its brief, Saadeh, LLC argues that it has a contractual right to reasonable collection costs and attorney's fees incurred in collecting Grau's outstanding balance for services provided pursuant to the retainer agreement. The firm argues that the trial court erred when it concluded that an award of collection costs and attorney's fees would be unreasonable because the firm's billing practices and communications with Grau resulted in unnecessary litigation.

## II.

We are guided in our analysis of Saadeh, LLC's arguments by our holding in Hrycak v. Kiernan, 367 N.J. Super. 237 (App. Div. 2004). In that matter, Hrycak, an attorney, represented Kiernan in a matter before the Chancery Division. Id. at 238-39. The parties' retainer agreement provided that should Hrycak

> bring suit against [Kiernan] for fees due under this agreement, and after the requisite pre-action notice

required by Rules Governing the Courts of New Jersey, [Kiernan] shall be responsible for all fees and attorney['s] fees with a minimum of $450.00 attorney's fees for the filing of same.

[Id. at 239 (third alteration in original).]

After Hrycak sent Kiernan a bill for services rendered, Kiernan paid only a portion of the amount due, claiming Hrycak guaranteed there would be a cap on the cost of his services. Ibid. The dispute was brought before a fee arbitration committee, which determined what fee would be reasonable for Hrycak's service. Ibid. The arbitration determination resulted in an outstanding unpaid balance of $2,231.57 owed by Kiernan. Ibid. Kiernan did not appeal the arbitration determination, but also did not pay the amount due within thirty days. Ibid.

Hrycak thereafter filed a complaint in the Law Division seeking to reduce the arbitration determination to a judgment against Kiernan, and for the award of $450 in attorney's fees in accord with the parties' retainer agreement. Ibid. The application was accompanied by a detailed account of the work Hrycak performed in filing the complaint. Ibid. The trial court entered judgment in the amount of the arbitration determination but denied the request for attorney's fees. Ibid.

We reversed. We noted that agreements between attorneys and their clients generally are enforceable as long as they are fair and reasonable. Id. at 240. In addition, we observed that the court rules do not prohibit the award of attorney's fees that are provided for in the parties' retainer agreement. Ibid. We held:

> [i]n accordance with these authorities, we are not presented with any reasons why Hrycak should be denied fees incurred in collecting an arbitration award. Subject to review of reasonableness by the court, the collection fee with a minimum of $450 was based upon the express terms of the retainer agreement.
>
> [Ibid.]

We noted that "the retainer [does not] penalize[] the client for a fixed percentage of the fees owed if the attorney is forced to file suit to collect." Ibid. (citing Gruber & Colabella, P.A. v. Erickson, 345 N.J. Super. 248 (Law Div. 2001) (holding unenforceable a provision in a retainer which added one-third of the outstanding legal fees to the client's bill if the attorney is forced to collect)). "Under those agreements," we noted, "there is the potential for an attorney to receive an unreasonable fee if little work was necessary to enforce the additional fee claim." Ibid. We continued,

> [a]n arbitration committee has already determined the reasonable value of Hrycak's services and that he was owed money. After arbitration, when Kiernan still

9

refused to honor his obligation, Hrycak was forced [to] take the matter to the Law Division to perfect his rights. For Hrycak's reasonable time and effort in seeking his fee, especially where the balance awarded was unjustifiably withheld, we see no reason why he should be denied compensation for additional work required in enforcing the award as covered by the retainer agreement.

[Id. at 241.]

We see no reason to depart from the holding in Hrycak. Grau executed a retainer agreement providing that she would be responsible for the costs of collection and a reasonable attorney's fee in the event Saadeh, LLC was forced to take legal action to collect unpaid fees. This is precisely what transpired here.

Grau concedes that she did not pay for all of the legal services she received from Saadeh, LLC. She did not cross-appeal from the portion of the June 7, 2022 judgment awarding Saadeh, LLC $2,965.85 in unpaid fees incurred under the retainer agreement. Saadeh, LLC was compelled to file an action in the Special Civil Part to obtain a judgment to collect those fees from Grau.

We have carefully reviewed the record and find no support for the trial court's conclusion that an award of collection costs and attorney's fees would be unreasonable because Saadeh, LLC's business practices resulted in unnecessary litigation against Grau. The trial court's decision was based on four findings: (1) at times, Grau was unsure of the exact amount she owed the firm because

she received copies of invoices that had been paid; (2) the VCCO payment on behalf of Grau was delayed because Saadeh, LLC relocated its office without informing Grau; (3) an employee of Saadeh, LLC informed Grau that the firm would consider an installment payment plan if she brought her outstanding balance below $3,000; and (4) she was hindered in obtaining an installment payment plan because her attorney was on vacation.

While the record contains evidence supporting each of these findings, nothing in the record supports the conclusion that any of these facts, individually or collectively, resulted in Saadeh, LLC unnecessarily filing an action to collect Grau's outstanding balance under the retainer agreement. It is undisputed that as of October 5, 2021, Saadeh, LLC had received the VCCO payment, which covered part, but not all, of Grau's outstanding balance, and the firm had issued its final invoice indicating that Grau owed Saadeh, LLC $2,965.85.

On October 5, 2021, prior to filing its complaint, the firm sent Grau a fee arbitration notice indicating that she owed the firm $2,965.85 and had a right to initiate fee arbitration within thirty days. The trial court found that Grau received that notice on October 9, 2021. Grau did not seek fee arbitration. Nor did she pay the outstanding balance or any portion of the balance. There is no evidence in the record that Grau took any meaningful steps to pay her debt to

Saadeh, LLC or to negotiate a payment plan with the firm following her receipt of the fee arbitration notice.

Saadeh, LLC did not file its complaint until December 13, 2021, more than two months after it sent Grau the fee arbitration notice stating the final outstanding balance of $2,965.85. The trial court did not explain why it was unnecessary for Saadeh, LLC to file its complaint after the VCCO payment had been received, Grau's final outstanding balance had been determined with precision, and Grau had been given more than two months to pay her outstanding fees. We understand the trial court's conclusion that miscommunication between Saadeh, LLC and Grau may have resulted in confusion with respect to the Grau's outstanding balance, the delivery of the VCCO payment, and the availability of an installment payment plan. It is, however, clearly established in the record that as of October 5, 2021, Grau's outstanding balance was $2,965.85, she was promptly notified that she owed the firm that amount, and she did not pay any or all of that balance for two months, resulting in the firm filing a complaint against her in the Special Civil Part. We see nothing unreasonable in a law firm filing suit to collect fees under a retainer agreement in these circumstances. We are, therefore, constrained to reverse the trial court's denial of Saadeh, LLC's application for collection costs and attorney's fees.

A-3382-21

The June 7, 2022 judgment is reversed to the extent that it denied Saadeh, LLC's application for collection costs and reasonable attorney's fees. The matter is remanded for the entry of an order awarding collection costs and reasonable attorney's fees incurred by Saadeh, LLC to collect Grau's unpaid fees under the retainer agreement. We leave to the trial court in the first instance to review a certification of costs and services to be submitted by Saadeh, LLC on remand and determine what amounts constitute reasonable collection costs and attorney's fees. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-3382-21