**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1966-22

THE LAW OFFICE OF RAJEH A.
SAADEH, LLC,

     Plaintiff-Appellant,

v.

TRACY SWEENEY,

     Defendant-Respondent.

_____

Submitted January 22, 2024 – Decided February 8, 2024

Before Judges Marczyk and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-003444-22.

The Law Office of Rajeh A. Saadeh, LLC, appellant pro se (Rajeh A. Saadeh and Cynthia L. Dubell, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff, the Law Office of Rajeh A. Saadeh, appeals from the trial court's January 13, 2023 order entering default judgment against defendant, Tracy Sweeney, but denying Saadeh's request for attorney fees. Plaintiff further appeals the trial court's March 2, 2023 order denying its motion for reconsideration. Following our review of the record and the applicable legal principles, we affirm.

I.

In April 2022, Sweeney signed a retainer agreement hiring plaintiff to represent her in a civil matter. The retainer agreement, in relevant part, states:

> If we utilize any legal process to collect any amount outstanding, we will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside of The Law Office of Rajeh A. Saadeh, L.L.C., and reasonable expenses, including but not limited to court, service, and execution costs.

In August 2022, plaintiff moved to be relieved as Sweeney's counsel. The motion was granted in September 2022. In October 2022, plaintiff sent a fee arbitration pre-action notice to Sweeney. Sweeney did not pursue fee arbitration. In November 2022, plaintiff filed a complaint against Sweeney for attorney fees. On January 9, 2023, the court entered default against Sweeney. On that same date, plaintiff moved to enter default judgment against Sweeney.

A-1966-22

On January 13, 2023, the court issued an order granting plaintiff's request for judgment but denied plaintiff's request for attorney fees. The court opined:

> On January 11, 2023, plaintiff moved to enter judgment against defendant. Plaintiff filed a certification indicating that the principal amount of [$4,041.11] and court costs of $91 remain due. . . . The court is satisfied with plaintiff's proofs regarding the principal amount of $4,041.11. Court records indicate plaintiff has incurred court costs of $107 in this action. <u>But plaintiff has not produced any proofs or certifications in support of its additional request for $10,876.89 in attorney[] fees and is not entitled to recover same.</u>
>
> [(Emphasis added).]

On February 2, 2023, plaintiff moved for reconsideration challenging the court's denial of its request for reasonable attorney fees. On March 3, 2023, the court denied the motion for reconsideration. The trial court found plaintiff failed to explain the legal basis for the "exorbitant" attorney fee claim. The court disagreed with plaintiff that under each count of the complaint it was entitled to the award of attorney fees. The court explained:

> Under the "American rule," each party normally bears its own costs and attorney[] fees. <u>Rule</u> 4:42-9 authorizes counsel fees in limited circumstances, none of which apply. Subsection of [<u>Rule</u>] 4:42-9 permits attorney[] fees in family actions in both pendente lite and final judgment pursuant to [<u>Rule</u>] 5:3-5(c). . . . [T]his is a standard breach of contract claim between

an attorney and former client.[1]   Thus, [Rule] 4:42-9(a)(1) and [Rule] 5:3-5 are not available to plaintiff. If plaintiff wishes to stand on a fee-shifting provision within the retainer agreement, plaintiff has failed to articulate that basis and did not provide to the court a copy of the retainer agreement and cite to the applicable paragraph within the agreement that allows for attorney[] fees.

Plaintiff further seems to view attorney[] fees as a[n] element of consequential damages flowing from unjust enrichment. Plaintiff provides no legal authority to support its position that attorney[] fees may be awarded from an unjust enrichment claim. Simply because plaintiff states it is entitled to counsel fees does not mean it is so. . . .

[(Emphasis added) (italicization omitted).]

The court further opined that the burden is on plaintiff to prove that its fee request is reasonable:

Plaintiff has not addressed the apparent discrepancy between the initial request for $10,876.89 in attorney[] fees and its instant request for $4,649.93. Plaintiff produced a revised certification of attorney[] fees that addresses the [RPC 1.5(a)] reasonableness factors and explains how the attorney[] fees and costs were calculated. The requested attorney[] fees are not reasonable. The requested fees include anticipated attorney[] fees of $1,050 expected to be incurred in

---

[1]  The court indicated the underlying case with Sweeney involved a family action. We also note plaintiff relied, in part, on Rule 5:3-5(c) in its motion for reconsideration. However, plaintiff's brief states that the case with Sweeney was a civil action. It does not impact our analysis whether the case involving Sweeney was a civil or family action.

receiving and reviewing cross-motion documents, filing a reply, traveling to and from court and appearing for oral argument. This motion was unopposed and oral argument was not granted, thus plaintiff is not entitled to receive these costs. Further, the amount of time expended to draft a basic collection complaint and the subsequent motion for a default judgment should not have taken 1.1 hours at a $285 billing rate and 8.9 hours at a $350 billing rate. The requested counsel fees are unreasonable and not recoverable, even if plaintiff supported its legal claim for counsel fees.

## II.

Plaintiff argues it is contractually entitled to attorney fees in accordance with its April 25, 2022 retainer agreement with Sweeney. Plaintiff contends the trial court erred in denying its request for attorney fees in conjunction with its application for default judgment[2] and in denying its motion for reconsideration.

We review an award of attorney fees for abuse of discretion. Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016). Determinations regarding attorney fees will be disturbed "only on the rarest of occasions, and then only because of a clear abuse of discretion." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). Where a trial judge correctly applies

---

[2] Plaintiff repeatedly refers to its "motion for summary judgment." There was no summary judgment in this case, and we confine our discussion to the default judgment application and motion for reconsideration.

the case law, statutes, and court rules governing attorney fees, the fee award is entitled to our deference. See Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2024).

Our standard of review of an order denying reconsideration is deferential. "Motions for reconsideration are governed by Rule 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . . ." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

"Alternatively, if a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the

6

[c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the evidence."[3] D'Atria, 242 N.J. Super. at 401. Thus, we will not disturb a trial judge's denial of a motion for reconsideration absent "a clear abuse of discretion." Pitney Bowes Bank, Inc., 440 N.J. Super. at 382 (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

Initially, with respect to the court's denial of the $10,876.89 in attorney fees in the request for default judgment, we note plaintiff's certification in support of the application does not request any money for attorney fees associated with the collection action. In fact, the certification reads, that plaintiff seeks "Attorney Fees in the amount of $0.00." It is only the proposed form of order which contained the $10,876.89 figure. That is, there is no support, whatsoever, to justify this figure, let alone any attorney fees. Accordingly, the court did not misapply its discretion in striking the attorney fees from the order.

Regarding the motion for reconsideration, plaintiff reiterates throughout its brief that an attorney is permitted to recover fees expended in a collection action provided there is a clause in the contract allowing for such fees. As a

---

[3] We observe plaintiff's certification in support of its motion for reconsideration did not contain "new or additional information" that could not have been provided to the court in its application for default judgment.

general matter, we do not disagree. In Hrycak v. Kiernan, a law firm had a retainer agreement which provided the client would be responsible for certain collection costs if the firm was required to bring suit to collect their attorney fees. 367 N.J. Super. 237 (App. Div. 2004). We noted, "[a]greements between attorneys and clients generally are enforceable as long as they are fair and reasonable." Id. at 240 (citing Cohen v. Radio-Elecs. Officers Union, 146 N.J. 140, 155 (1996). We further observed "the court rules do not disallow counsel fees where they are provided for in the parties' agreement." Ibid. (citing Pressler, Current N.J. Court Rules, Comment R. 4:42-9 [2.11] (Gann)). However, Hrycak is not controlling here because plaintiff never presented the fee agreement to the court in its motion for reconsideration.[4]

As previously noted, the trial court stated, "[i]f plaintiff wishes to stand on a fee-shifting provision within the retainer agreement, plaintiff has failed to articulate that basis and did not provide to the court a copy of the retainer agreement and cite to the applicable paragraph within the agreement that allows for attorney[] fees."[5] Because plaintiff failed to apprise the court that it had a

---

[4] Plaintiff also did not cite to Hrycak before the trial court as it did on appeal.

[5] The retainer agreement was attached to the application for default judgment, but not the motion for reconsideration. Moreover, there was no specific

retainer agreement in its motion for reconsideration, it is not appropriate to rely on the fee collection provision in the agreement for the first time on appeal. Our Supreme Court has long held appellate courts do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App Div. 1959)). "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012).[6] The appeal here does not involve a matter of great public importance.

Plaintiff suggests the court had no authority to analyze its fee application given that defendant did not oppose the application. Specifically, plaintiff

_____

argument in either application with respect to the provision that allowed the collection of fees in the event a lawsuit was filed against the client.

[6] Although we share the court's concern regarding the amount of plaintiff's fee in an uncontested debt collection action such as this, we need not address the specific hours expended as we conclude below the court did not misapply its discretion in denying the application based on plaintiff's failure to provide controlling legal authority or another basis to justify the award of attorney fees, given that plaintiff did not cite to the collection provision of the retainer agreement in either application.

argued, "[d]efendant failed to respond to the litigation, and thus made no argument for or against an award of attorney fees. The [c]ourt cannot sua sponte deny [p]laintiff's requested [relief] on behalf of a [d]efendant who fails to raise the issue." Plaintiff further argues the trial court "erred by essentially stepping into [d]efendant's shoes and raising those defenses and objections for her." Plaintiff cites to no authority for these contentions.[7] Plaintiff's argument lacks merit. Our Supreme Court has "cautioned trial courts 'to evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party' . . . and . . . not to 'accept passively the submissions of counsel . . . .'" Hansen v. Rite Aid Corp., 253 N.J. 191, 215 (2023) (quoting Rendine v. Pantzer, 141 N.J. 292, 335 (1995)). Plaintiff's misunderstanding of the court's responsibilities may explain the initial, unsubstantiated attempt to recoup over $10,000 in attorney fees by inserting that amount into the proposed form of order without any supporting certification. Moreover, plaintiff failed to address the fact that in its motion for reconsideration, it reduced its fee by over

---

[7] In its certification in support of its motion for reconsideration, plaintiff alleged it was entitled, under the various counts of the complaint, to damages which include the "award of attorney fees as the prevailing party" without citation to any caselaw or document.

$6,000 to $4,649.93 without any explanation.  In short, plaintiff's argument is unavailing.

Applying the governing standards of review, we discern no reason to disturb the trial court's well-reasoned decision in denying plaintiff's request for attorney fees in the initial application for default judgment.  We further determine there is nothing in the record that evidences the trial court misapplied its discretion in denying plaintiff's motion for reconsideration.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1966-22