**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0252-24

THE LAW OFFICE OF
RAJEH A. SAADEH, LLC,

     Plaintiff-Appellant,

v.

CESAR URVINA GALLEGOS
a/k/a GIOVANI URBINA,

     Defendant-Respondent.

_____

       Argued September 16, 2025 – Decided September 23, 2025

       Before Judges Firko and Perez Friscia.

       On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0879-24.

       Cynthia L. Dubell argued the cause for appellant (The Law Office of Rajeh A. Saadeh, LLC, attorneys; Cynthia L. Dubell, on the brief).

       Respondent has not filed a brief.

PER CURIAM

Plaintiff, The Law Office of Rajeh A. Saadeh, LLC (Saadeh, LLC), appeals from the August 12, 2024 order of the Law Division to the extent it denied Saadeh, LLC's application for costs of collection and attorney's fees. We reverse the portion of the order under appeal and remand for further proceedings.

I.

The material facts are derived from the record and are not in dispute. In December 2022, defendant, Cesar Urvina Gallegos, signed a retainer agreement hiring Saadeh, LLC in connection with a non-litigation pension collection matter. The fees and disbursements to be charged to defendant for Saadeh, LLC's services are set forth in the retainer agreement. Relevant here, the retainer agreement details the steps Saadeh, LLC may take to collect unpaid fees and disbursements in paragraph C: "If we utilize any legal process to collect any amount outstanding, we [Saadeh, LLC] will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside of [Saadeh, LLC], and reasonable expenses, including but not limited to court, service, and execution costs." Defendant signed the retainer agreement.

Pursuant to the retainer agreement, Saadeh, LLC sent defendant five monthly bills covering the period of December 7, 2022, through May 8, 2023. The charges totaled $4,466.70, less the $1,500 retainer fee paid. When

2

defendant failed to pay the outstanding amount, Saadeh, LLC instituted a fee arbitration to collect the amount due and owing.

On January 8, 2024, the parties participated in fee arbitration. Defendant, who was self-represented, claimed he initially paid Saadeh, LLC $1,675, not $1,500. Defendant also expressed dissatisfaction with Saadeh, LLC's representation. The fee arbitration committee found the attorney's testimony "credible" that defendant was not guaranteed success in recouping denied pension benefits. However, the fee arbitration committee found Saadeh, LLC did not satisfy its burden to establish the reasonableness of certain charges and awarded Saadeh, LLC $2,369, payable within thirty days.

Defendant did not appeal or pay the arbitration award within the prescribed thirty days. Pursuant to Rule 1:20A-3(e) and Rule 4:67-1(a), Saadeh, LLC filed an order to show cause (OTSC) and a verified complaint for an entry of judgment in the amount of $2,369 against defendant and for the costs of collection including a reasonable allowance for professional time expended by attorneys at Saadeh, LLC, in accordance with paragraph C of the retainer agreement. Defendant, again self-represented, filed an answer disputing the fee award and reiterating his dissatisfaction with Saadeh, LLC.

3

A-0252-24

On August 12, 2024, the trial court conducted oral argument on Saadeh, LLC's OTSC and rendered an oral opinion. The trial court granted Saadeh, LLC's request to reduce the arbitration determination to a judgment against defendant. With respect to Saadeh, LLC's request for costs of collection and attorney's fees, the trial court denied the requested relief. The trial court stated it "sat on a District Fee Arbitration Committee for years" and was unaware "of any provision . . . in which an attorney gets attorney's fees for turning that determination into a judgment after [thirty] days." A memorializing order was entered. This appeal followed.

On appeal, Saadeh, LLC reiterates its argument made before the trial court and contends it is contractually entitled to costs of collection, including professional time expended by its attorneys and reasonable expenses from defendant.

## II.

We are guided in our analysis of Saadeh, LLC's arguments by our holding in Hrycak v. Kiernan, 367 N.J. Super. 237 (App. Div. 2004). In that matter, Hrycak, an attorney, represented Kiernan in a matter before the Chancery Part. Id. at 238-39. In that case, the parties' retainer agreement provided that should Hrycak bring suit against [Kiernan] for fees due under this agreement, and after

A-0252-24

the requisite pre-action notice required by Rules Governing the Courts of New Jersey, [Kiernan] shall be responsible for all fees and attorney['s] fees with a minimum of $450[] attorney's fees for the filing of same. Id. at 239 (third alteration in original).

After Hrycak sent Kiernan a bill for services rendered, Kiernan paid only a portion of the amount due, claiming Hrycak guaranteed there would be a cap on the cost of his services. Ibid. The dispute was brought before a fee arbitration committee, which determined the reasonable fee for Hrycak's services. Ibid. The arbitration determination resulted in an outstanding unpaid balance of $2,231.57 owed by Kiernan. Ibid. Kiernan did not appeal the arbitration determination, but also did not pay the amount due within thirty days. Ibid.

Thereafter, Hrycak filed a complaint in the Law Division seeking to reduce the arbitration determination to a judgment against Kiernan, and for an award of $450 in attorney's fees in accord with the parties' retainer agreement. Ibid. The application was accompanied by a detailed account of the professional services Hrycak performed in filing the complaint. Ibid. The trial court entered judgment in the amount of the arbitration determination but denied the request for attorney's fees. Id. at 239-40.

A-0252-24

We reversed. We noted that agreements between attorneys and their clients generally are enforceable as long as they are fair and reasonable. Id. at 240. In addition, we observed that the court rules do not prohibit the award of attorney's fees that are provided for in the parties' retainer agreement. Ibid. We held:

> [i]n accordance with these authorities, we are not presented with any reasons why Hrycak should be denied fees incurred in collecting an arbitration award. Subject to review for reasonableness by the court, the collection fee with a minimum of $450 was based upon the express terms of the retainer agreement.
>
> [Ibid.]

We noted that "the retainer [does not] penalize[] the client for a fixed percentage of the fees owed if the attorney is forced to file suit to collect." Ibid. (citing Gruber & Colabella, P.A. v. Erickson, 345 N.J. Super. 248, 253 (Law Div. 2001) (holding unenforceable a provision in a retainer which added one-third of the outstanding legal fees to the client's bill if the attorney is forced to collect)). "Under those agreements," we held, "there is the potential for an attorney to receive an unreasonable fee if little work was necessary to enforce the additional fee claim." Ibid. We added,

> [a]n arbitration committee has already determined the reasonable value of Hrycak's services and that he was owed money. After arbitration, when Kiernan still

6

refused to honor his obligation, Hrycak was forced [to] take the matter to the Law Division to perfect his rights. For Hrycak's reasonable time and effort in seeking his fee, especially where the balance awarded was unjustifiably withheld, we see no reason why he should be denied compensation for additional work required in enforcing the award as covered by the retainer agreement.

[Id. at 241.]

We see no reason to depart from the holding in Hrycak in the matter under review. Defendant executed the retainer agreement providing that he would be responsible for the costs of collection and a reasonable attorney's fee in the event Saadeh, LLC was compelled to institute legal action to collect unpaid fees. Defendant took advantage of fee arbitration, but refused to pay the arbitration determination. Thus, he is liable under the retainer agreement for the costs and attorney's fees incurred by Saadeh, LLC to reduce the arbitration determination to a judgment.

The August 12, 2024 order is reversed to the extent that it denied Saadeh, LLC's application for collection costs and reasonable attorney's fees. The matter is remanded for the entry of an order awarding collection costs and reasonable attorney's fees incurred by Saadeh, LLC after entry of the arbitration determination. We leave to the trial court in the first instance to review a certification of costs and services to be submitted by Saadeh, LLC on remand

A-0252-24

and determine what amounts constitute reasonable compensation to Saadeh, LLC.  We express no opinion as to what the outcome should be.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0252-24