**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0798-24

THE LAW OFFICE OF RAJEH
A. SAADEH, LLC,

    Plaintiff-Appellants,

v.

KEVIN PIDGEON,

    Defendant-Respondent.

_____

Submitted September 29, 2025 – Decided October 22, 2025

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-002640-24.

The Law Office of Rajeh A. Saadeh, LLC, attorneys for appellants (Cynthia L. Dubell, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this collection action, plaintiff the Law Office of Rajeh A. Saadeh appeals from the following two orders: an October 21, 2024 order denying plaintiff's motion for attorney's fees without prejudice; and a November 12, 2024 order amending the judgment and awarding a fraction of the attorney's fees sought. Plaintiff argues the court erred as the attorney's fees sought were contractually required under the terms of his retainer agreement with defendant and former client Kevin Pidgeon.[1] We affirm the court's award of attorney's fees as modified to include fees incurred by plaintiff related to resubmitting his motion.

Plaintiff represented defendant in two family-related matters pursuant to separate retainer agreements dated January 5, 2024, and January 25, 2024, respectively. Both agreements provided for billing attorney services at an hourly rate of between $310 to $550 and of an advance retainer of $2,500. Additionally, relevant to our determination of the issue before us, paragraph C in both agreements provides:

> If our professional relationship ends, we will assert a lien on any amounts recovered by you in settlement or adjudication of your case for the amount you owe. This does not foreclose us from exercising any other rights at law or in equity to collect or secure our fee. If we

---

[1] Defendant's brief is suppressed pursuant to our order for failing to file a response to this appeal.

A-0798-24

utilize any legal process to collect any amount outstanding, we will be entitled to recover the costs of collection, including for professional time expended by attorneys . . . and reasonable expenses, including but not limited to courts, service, and execution costs.

It is undisputed that at the conclusion of plaintiff's representation, defendant failed to pay timely for all services rendered, prompting plaintiff to file a complaint against defendant.[2]  When defendant failed to respond to the complaint, plaintiff moved for a default judgment, which was granted on October 21, 2024, in the amount of $3,275.25, inclusive of unpaid fees.  The court, however, denied plaintiff's application for reasonable attorney fees—an additional $8,971.95—without prejudice, stating "the total amount of legal services provided in [p]laintiff's invoices do not match the amount sought in [p]laintiff's certification in support of this motion."

Plaintiff moved anew for attorney's fees related to its collection efforts under paragraph C of the retainer agreements, which the court reviewed as a motion to reopen the case.  On November 12, 2024, the court granted plaintiff's motion in part and amended the previous judgment to include an award of attorney's fees of $2,987.20.  In its statement of reasons, the court found

---

[2]  Plaintiff sent a Fee Arbitration Pre-Action Notice to defendant prior to filing the complaint in the Law Division.

plaintiff's hourly rate for attorney and paralegal services reasonable. Regarding the reasonableness of the number of hours billed, the court struck several entries, finding them excessive, "not clearly related to this action," clerical in nature, and unreasonable. Based on these findings, the court reduced plaintiff's award by $7,458.95, stating, "[t]he court awards the remainder of the amount sought, as this amount is reasonable and related to the instant matter," and awarded $2,987.20.[3] This appeal followed.

"[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). Where the trial court has followed the law and made appropriate findings of fact, an award is accorded "substantial deference." See Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000). see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2024).

In Rendine v. Pantzer, the Supreme Court explained the process for analyzing an award of attorney fees:

> [T]he first step in the fee-setting process is to determine the "lodestar": the number of hours reasonably

---

[3] Instead of the requested award of $10,446.15.

expended multiplied by a reasonable hourly rate....
[T]he trial court's determination of the lodestar amount
is the most significant element in the award of a
reasonable fee because that function requires the trial
court to evaluate carefully and critically the aggregate
hours and specific hourly rates advanced by counsel for
the prevailing party to support the fee application.

[141 N.J. 292, 334-35 (1996).]

Further, the Court noted "the attorney's presentation of billable hours should be set forth in sufficient detail to permit the trial court to ascertain the manner in which the billable hours were divided." Id. at 337. "[W]ithout some fairly definite information as to the hours devoted to various general activities . . . the court cannot know the nature of the services for which compensation is sought." Ibid.

Rule of Professional Conduct ("RPC") 1.5(a) mandates that "[a] lawyer's fee shall be reasonable" and requires consideration of these factors:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

[RPC 1.5(a).]

Before us, plaintiff principally argues it is entitled to costs of collection, including professional time expended by its attorneys pursuant to the retainer agreement with defendant. Plaintiff challenges the court's comprehensive review of its billing under Rendine, arguing "the format utilized by [p]laintiff does not require a detailed and thorough analysis of each separate word for each time entry. The trial court simply need[ed] to determine[] are the hours and work cited reasonable, and if so, the award must be given." Plaintiff maintains its billing entries are detailed and provide the court with a good understanding of the nature of the work performed, along with a general timeframe in which such work was undertaken, and "[a]ll of the fees incurred in taking these steps are considered 'any legal process to collect any amount outstanding' under the terms of the [a]greement(s) . . . , and therefore should be awarded in full."

A-0798-24

As to the October order, plaintiff maintains that "[i]nstead of enforcing the retainer agreements and awarding full attorney fees, in the first instance, the trial court denied [p]laintiff any attorney fees," in error. Plaintiff asserts the court's reasoning that the invoices did not match the amount sought in the certification was incorrect and constitutes plain error.

Regarding the November order, plaintiff asserts the "court's error on the initial fee application forced [p]laintiff to have to complete additional work that was unnecessary," which unduly burdened plaintiff's attorneys and paralegal. Plaintiff next disputes seriatim each of the entries the court modified, reduced or struck, specifically disputing the court's finding on each entry, and concluding the court erred. After reviewing the orders separately, plaintiff contends "generally as to the effect of both orders overall, what should be most notable here is that the trial court's reductions and stricken entries fail to respect that [d]efendant expressly consented, in a contract, to responsibility for 'costs of collection, including for professional time . . .'" This is no doubt the predominant theme in plaintiff's briefs.

Plaintiff maintains defendant failed to respond to the litigation, "and thus made no argument for or against an award of attorney['s] fees. The [c]ourt cannot sua sponte deny [p]laintiff's requested [relief] [sic] on behalf of a

7

[d]efendant who fails to raise the issue." And, the court's disregard of entire entries and reduction in time led to "a miscarriage of justice and was not only improper, but an abuse of discretion."

Lastly, plaintiff avers the court erred by striking the requested five percent for disbursements, which the court found unreasonable pursuant to Gruber & Colabella, P.A. v. Erickson, 345 N.J. Super. 248, 249 (Law Div. 2001).

Applying the well-settled legal principles above, we reject plaintiff's contentions the court clearly abused its discretion in reviewing and reducing his fee award. There is no question the parties had separate retainers entitling plaintiff to payment for legal services rendered to defendant based on paragraph C of the retainer agreements. Attorney fee applications, however, are subject to court review, analysis, and approval, as it is the court that determines whether the hours billed and legal services performed are reasonable. Rendine v. Pantzer, 141 N.J. 292, 317 (1995). Plaintiff acknowledges this fact in its brief, despite repeatedly advocating for a straightforward contract analysis pursuant to the retainer agreements.

We reject plaintiff's contention the court erred in its analysis of its fee application by failing to apply general principles of contract law. As plaintiff acknowledges in its brief, "[a]greements between attorneys and clients

8

concerning the client-lawyer relationship generally are enforceable, provided the agreements satisfy both the general requirements for contracts and the special requirements for professional ethics." See Cohen v. Radio-Electronics Officers Union, 146 N.J. 140, 155 (1996). Despite observing this well-settled legal principle, plaintiff rehashes the argument that "[p]er the retainer agreement, as a matter of contract, [p]laintiff seeks and is entitled to attorney fees incurred in connection with collection, including motion work, trial and pre-trial events and effort."

Our Supreme Court held in Rendine, the court "should not accept passively the submissions of counsel to support the lodestar amount." 141 N.J. at 335. Instead, the court is entitled to conduct a "critical review of the certification to be supplied by counsel." Scullion v. State Farm Ins. Co., 345 N.J. Super. 431, 441 (App. Div. 2001). Thus, contrary to plaintiff's claims, Rendine requires rather than abrogates the court's right to analyze fee applications, to determine the "lodestar": the number of hours "reasonably expended" multiplied by a reasonable hourly rate.

We observe this well-settled legal principle in Hrycak v. Kiernan, 367 N.J. Super. 237 (App. Div. 2004), another case involving a law firm and retainer agreement which provided the client would be responsible for collection costs.

9

There, we noted "[a]greements between attorneys and clients generally are enforceable as long as they are fair and reasonable." 367 N.J. Super. 237, 239 (App. Div. 2004) (citing Cohen v. Radio-Elecs. Officers Union, 146 N.J. 140, 155 (1996)). And, we found the plaintiff was entitled to reasonable additional compensation under the retainer agreement, "[s]ubject to review of reasonableness by the court." Ibid. The court's role is to determine the reasonableness of the requested fees. We therefore discern no abuse of discretion in the court's review and adjustments made to plaintiff's entries for the purpose of determining the reasonableness of the fees. As the court properly noted, "abuse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.' Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)."

Here, the court conducted the appropriate analysis, finding the attorney and paralegal rates were reasonable. The court next reviewed the reasonableness of the number of hours billed, reducing and striking certain entries for various reasons, including that certain of the entries were excessive, clerical in nature, and unrelated to defendant's matter. The court articulated its reasoning for each adjusted or modified entry, though plaintiff disputes these determinations.

A-0798-24

Although we discern no error with the court's review of plaintiff's billing entries for purposes of addressing the motion, we part ways with the court's dismissal of plaintiff's initial motion, which plaintiff claims constitutes error. In the October order, the court granted plaintiff $3,275.25 in fees related to filing cost and service of the complaint. The court, however, rejected plaintiff's application for attorney's fees without prejudice, finding a discrepancy in the total amount provided in plaintiff's invoices and plaintiff's certification. Before us, plaintiff argues such a finding constituted error and any discrepancy was de minimis at best.

In reaching its conclusion, the court failed to analyze the reasonableness of plaintiff's entries and as a result, plaintiff incurred additional fees related to preparation and filing of its second motion, which would not have been necessary had the court not erred in its denial of the initial fee application.[4] Plaintiff's certification contains the following entries for counsel post the October 21 order:

> 10/21/24 Legal Fees: Hourly CLD: Read Court email; Retrieve and read Order granting Default Judgment but

[4] Plaintiff asserts the court's error is essentially two-fold: (1) denying any fees on the initial fee application based on an incorrect finding, which then forced it to complete additional work on the new motion; and (2) "by only awarding $2,987.20 of [p]laintiff's requested $10,446.15."

A-0798-24

Denying Fees (without prejudice); Instruct staff to save and distribute Order; Collections case management/strategy review for new fee application. [Total hours:] 0.50.

10/25/24 Legal Fees: Hourly CLD: Update time records (0.2); Revise Cert Attorney Services with new time (0.3); Revise Letter Brief (0.1); Revise Cert of Proof (0.3); Revise Cert of Service (0.1); Draft NOM Amend Atty Fees (0.3); Draft Form of Order (0.3); Revise Filing Letter (0.2); e-file NOM Amend Atty Fees (0.2); instruct staff to serve Def & save all to file (0.1). [Total hours:] 2.10.

Expenses and disbursements to date (copying, printing, postage, shipping, handling, filing fees): $463.15 (5% of all attorney and paraprofessional fees per paragraph B of Retainer Agreement).

The court modified each of these entries in the following manner: as to the October 21 entry, the court struck the half-hour billed, finding it was clerical in nature; the court reduced the October 25 entry to one half-hour, finding it unreasonable and excessive. As to the five percent expense charges, the court declined to enforce that provision of the retainer agreement finding it "unreasonable." Lastly, the court concluded plaintiff is not entitled to anticipatory legal fees, stating, "[t]his is an unopposed motion for final default judgment. As such, the attorney fee award is reduced by the $720 sought for anticipatory legal fees."

Because we conclude the court erred in denying plaintiff's initial motion, the court's reduction and striking of plaintiff's entries relative to its preparation of the November motion for reconsideration constitutes a mistaken exercise of discretion. Moreover, attorney fee awards must be grounded in evidence of services actually performed and rendered, and cannot include speculative fees for work that may not have occurred. Gruber & Colabella, 345 N.J. Super. at 251 (stating that an agreement for attorney's fees can bind parties to "specific or easily ascertainable sums"). Accordingly, the court correctly excluded anticipatory legal fees.

We therefore modify the order awarding attorney's fees to include fees in the amount of $936 related to the refiling of plaintiff's motion, which the court considered as a motion for reconsideration, plus the $463.15 for expenses, totaling $4,386.35. Thus, we direct the court to issue an amended order reflecting the modified judgment. We do not retain jurisdiction.

Affirmed as modified.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13

A-0798-24